## Case No. 10,217.

### NEW YORK WIRE–RAILING CO. v. CAKE et al.

Circuit Court, E. D. Pennsylvania. 1863.

PLEADING—AMENDMENT OF ANSWER AFTER TRIAL ORDERED—CUMULATIVE TESTIMONY.

Leave to file an amended answer will not be granted where trial has been already on an issue ordered on the bill and answer, and the amended answer offers only new and cumulative testimony on the issue tried.

[This was a suit by the New York Wire-Railing Company against Henry L. Cake and Nicholas Seitzinger. Heard on motion to file an amended answer.]

GRIER, Circuit Justice. Leave to amend an answer in many cases is a matter of course, and in all cases it is a matter of discretion. Without attempting to lay down any general rule affecting this subject, I may say that in this case the respondents have not shown a case in which it would be a just and proper exercise of discretion to allow the amended, or rather supplemental, answer now proposed to be filed. Previous to the extension of the patent to Jenkins, of which complainants are now the assignees, the defendants had the use of the invention by some contract or license from the patentee, or, at least, claimed to have such a license. They have continued, nevertheless, to use the invention patented since the renewal of the patent in 1861, and the bill in this case was filed to enjoin them from its further use. The bill was filed at April term, 1861, and subpoena made returnable on the first Monday of August. This was served on respondents October 7. The court, on application of respondents, ordered a preliminary injunction, and a rule was granted on respondents to answer in ten days, or the bill be taken pro confesso. On the 18th a final decree was made, and a final injunction ordered, which was served. On the 28th of December, 1861, for the first time, the respondent, Seitzinger, comes into court, and moves for leave to file an answer contesting the validity of the patent. This leave was granted, and an issue was ordered to try this question at law, as the infringement of the patent was not denied, and its validity contested only on the ground that the patentee was not the first inventor, and as this was a fact depend-

ing wholly on the credibility of witnesses, it was a case peculiarly proper to be tried by a jury. This issue was tried, and after a full and patient investigation the question of originality was decided in favor of complainant. This ought to have made an end to this litigation, as the question which the respondent by special favor of the court had leave to contest had thus been decided against him by his own chosen tribunal. A question of infringement is one of fact, and in most cases decided by inspection of models; but in such case a court will not require the assistance of a jury to inform their conscience in matters "oculis subjecta fidelibus," or suffer a verdict to avail against their own convictions thus derived. But where the question depends wholly on the credibility of witnesses as to matters of fact and not of opinion, the court will always be disposed to yield even their own convictions, unless very strong and clear, to the force of the verdict. In this case I would have been satisfied with a verdict either way, having no clear opinion of my own on the question after hearing the testimony, and am glad to be relieved from guessing at the truth from the frail recollections of conflicting witnesses. The supplemental answer now proposed to be put in, offers only new and cumulative testimony as to originality. It does not allege that it is newly discovered, or might not, by due diligence, have been as well included in the original, and heard on the trial before the jury. It involves the necessity of a new issue to try the same question of fact. I do not say that there might not be possible cases of hardship in which the conscience of a chancellor might be constrained to grant such a request. But this application presents no such case. The supplemental answer also proposes another distinct defense, which was not made in the original answer, nor was it a part of the issue tried by the jury. It alleges that application by Jenkins to the commissioner of patents was made about the 26th day of February, 1847, and that the invention was in public use and sale with the consent and allowance of the patentee for more than two years prior to such application. On the trial of the issue before the jury, one of the respondent's witnesses, named Carter, alleged that this improvement in the art of screen-making was a sort of joint production of Jenkins and himself, who in the years 1843 and 1844 were endeavoring to invent some machine by which the improved mode might be made profitable, and partly succeeded; and, assuming Jenkins' first application for a patent to have been in 1847, the defense now offered might possibly have been established. But the records of the patent office show that Jenkins' application for this invention, both as to the "improved method" and as to a machine to perform it, was made as early as July, 1845; so that defense, if permitted to be now set up, would be of no avail. It would also be a very doubtful exercise of discretion to open the pleadings of any case merely to let in such defense; and much more so in the present case, where a respondent, after a final decree, has been permitted to make a certain defence, and had it tried by a jury, and one year having elapsed since the decree was opened and between two and three months since the verdict, before the application now made to renew the litigation.

The motion is refused.